JERRY S. BUSBY
Nevada Bar #001107
LEO T. HENDGES
Nevada Bar #016034
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
lhendges@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADRIANA GAUTHIER, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>SMITHS FOOD & DRUG CENTERS, INC., dba SMITH'S, a division of THE KROGER CO., an Ohio Corporation; DOES I through XX, inclusive, and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendant(s). | Case No. 2:26-cv-02078-CDS-EJY<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

**IT IS HEREBY STIPULATED AND AGREED**, subject to this Court's approval, by and between Leo T. Hendges, Esq. of COOPER LEVENSON, P.A., counsel of record for Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), and Olivia N. VanTrease, Esq. of MAIER GUTIERREZ & ASSOCIATES, counsel of record for Plaintiff ADRIANA GAUTHIER (hereinafter "Plaintiff"), that discovery in this matter be extended by ninety (90) days to allow completion of the tasks identified below prior to the close of discovery.

Good cause is present for this Stipulation under Local Rule 26-3. Specifically, when requesting to extend deadlines set out in a discovery plan and scheduling order "[a] request made within 21 days of the subject deadline must be supported by a showing of good cause." Local Rules of Practice (LR) 26-3.

/ / /

/ / /

In addition, a Stipulation to extend deadlines must include:

(a) A statement specifying the discovery completed;
(b) A specific description of the discovery that remains to be completed;
(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
(d) A proposed schedule for completing all remaining discovery.

LR 26-3(a)-(d).

Subject to this Court's approval, the Parties set forth below a schedule to allow for additional time to complete the tasks as outlined in the Parties' Stipulation.

**I. STATEMENT SPECIFYING THE DISCOVERY COMPLETED**

The discovery plan and scheduling order was entered August 7, 2026. ECF No. 9. To date, the Parties have completed the following discovery:

- Defendant's Rule 26 initial disclosures were served on August 20, 2026.
- Plaintiff's Rule 26 initial disclosures were served on August 20, 2026.
- Defendant served Interrogatories, Requests for Admission, and Requests for Production to Plaintiff on August 28, 2026.
- Plaintiff's first supplemental Rule 26 disclosures were served on September 4, 2026.
- Plaintiff served Interrogatories, Requests for Admission, and Requests for Production to Defendant on September 9, 2026.
- Plaintiff issued discovery responses to Defendant on September 28, 2026, including Answers to the Amended Interrogatories, Responses to the Requests for Production.
- Defendant served a discovery dispute letter to Plaintiff on October 2, 2026.
- Defendant issued discovery responses to Plaintiff on October 9, 2026, including Answers to the Interrogatories, Responses to the Requests for Production, and a first supplemental Rule 26 disclosure.
- The parties conducted a discovery dispute meet and confer on October 12, 2026, regarding Defendant's discovery dispute letter.
- Plaintiff indicated a willingness to supplement certain discovery responses while maintaining objections to disputed requests.

- Defendant is awaiting supplemental responses before deciding whether to file a motion to compel.

## II. SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

The Parties agree that the following discovery remains to be completed:

- Defendant needs to receive copies of Plaintiff's prior medical records and information, addressed in the discovery dispute meet and confer, to allow a medical expert witness to review Plaintiff's complete prior medical history and compare them to the injuries claimed as a result of this lawsuit, so that Defendant can produce their initial expert witness reports. The Plaintiff has declined to sign Defendant's HIPAA authorization form and Defendant is reliant upon Plaintiff for production of medical records. Plaintiff maintains that Defendant's requests for her complete prior medical history and proposed HIPAA authorization are overbroad. Plaintiff offered an alternative proposed HIPAA authorization, which Defendant declined to accept as that form is seen as being unnecessarily limited in scope for Defendant to obtain all potentially relevant records. Plaintiff preserves her objections to the scope of Defendant's requests and will supplement her production with relevant, nonprivileged medical records responsive to properly limited requests. Plaintiff does not concede that all records requested by Defendant are relevant or discoverable.
- Depending on the result of Defendant's expert witness review of Plaintiff's prior medical history, an FRCP 35 Physical Examination may be sought as necessary. Nothing in this stipulation constitutes Plaintiff's consent to a Rule 35 examination or waives any objection to the grounds, scope, conditions, examiner, or timing of any requested examination.
- Plaintiff's deposition needs to be scheduled once initial expert witness discovery is complete.
- Plaintiff will likely depose the FRCP 30(b)(6) representative of SMITH'S following production of a list of topics for that examination and a conference to discuss any objections.
- Plaintiff will likely depose one or more percipient witnesses regarding this incident.
- The Parties will assess the need for additional discovery based upon their good-faith efforts to meet and confer regarding the issues in this case, following initial expert witness disclosures and the completion of depositions.

/ / /

/ / /

## III. REASONS WHY REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN

To date, the Parties have been working amicably together in this matter. At this stage in the litigation, the Parties agree that good cause exists, and more time is necessary to complete expert witness disclosures once supplemental information becomes available and any disputes that remain are addressed by this Court. Plaintiff's disclosed medical records reference several medical issues that pre-date this alleged incident, for parts of her body which Defendant contends relate to the claimed injuries in this lawsuit. Those prior records must be retrieved and reviewed by Defendant's medical expert witness before a proper initial expert witness disclosure can be produced.

This delay in completion of initial expert witness reports will (1) delay the depositions of fact witnesses employed by SMITH'S at the time of the subject incident; (2) the deposition of Plaintiff must be scheduled after initial expert witness discovery is complete; (3) the Parties must have expert witness reports to propound follow-up discovery requests as needed; (4) completing depositions of providers and experts comes after expert disclosure; and (5) Defendant may need to seek authority to conduct an FRCP 35 Physical Examination depending on the contents of Plaintiff's prior medical history. The Parties have worked to complete these tasks but seek leave of this Court for additional time to complete discovery.

The Parties seek to extend the non-expired discovery and scheduling deadlines by ninety (90) days, to allow completion of the above-stated tasks with time for expert analysis and preparation of additional discovery that is necessary based on the results of those expert disclosures. As this Court has not yet set a trial date in this matter, no trial date is affected by the requested extension. Good cause exists for this request as it is the first request for an extension of discovery which is sought in good faith and is not meant to unnecessarily delay proceedings in this matter. This stipulation is solely for the purpose of extending scheduling deadlines. Neither party waives any claim, defense, discovery objection, privilege, or position concerning the relevance, scope, discoverability, or admissibility of any requested information.

/ / /

/ / /

## IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that discovery deadlines in this case be continued ninety (90) days, as follows:

1. **<u>Amending the Pleadings and Adding Parties:</u>** The Parties acknowledge that the deadline to amend pleadings and add parties has passed; as such, the Parties do not seek to extend this deadline.

2. **<u>Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:</u>** The Parties jointly propose that the deadline to disclose initial experts be extended from its current deadline of November 6, 2026, and extended ninety (90) days to **Thursday February 4, 2027**. The Parties jointly propose that the deadline to disclose rebuttal experts be extended from its current deadline of December 7, 2026, by ninety-one (91) days, accounting for the weekend, such that rebuttal expert disclosures will be due on **Monday March 8, 2027**.

3. **<u>Discovery Cut-Off Date:</u>** The Parties jointly propose that discovery be extended from its current deadline of January 5, 2027, and extended ninety (90) days to **Monday April 5, 2027**.

4. **<u>Dispositive Motions:</u>** The Parties jointly propose that the date for filing dispositive motions be extended ninety (90) days from a deadline of February 4, 2027, to **Wednesday May 5, 2027**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5. **Joint Pre-Trial Order:** The Parties jointly propose that the date for filing their joint pre-trial order which is currently set for March 8, 2027, be extended ninety-one (91) days, accounting for the weekend, to **Monday June 7, 2027**. In the event that dispositive motions are filed, the date for filing the joint pre-trial order would be suspended until thirty (30) days after decision on dispositive motions or until further Order of this Court.

**IT IS SO STIPULATED.**

DATED this 15th day of October, 2026.

**MAIER GUTIERREZ & ASSOCIATES**

/s/ Olivia N. VanTrease
Olivia N. VanTrease, Esq.
Nevada Bar No. 17127
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
Telephone: (702) 629-7900
Attorneys for Plaintiff
ADRIANA GAUTHIER

DATED this 15th day of October, 2026.

**COOPER LEVENSON, P.A.**

/s/ Leo T. Hendges
Jerry S. Busby, Esq.
Nevada Bar No. 1107
Leo T. Hendges, Esq.
Nevada Bar No. 16034
3016 West Charleston Boulevard, #195
Las Vegas, NV 89102
Telephone: (702) 366-1125
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**ORDER**

**IT IS SO ORDERED.**

**UNITED STATES MAGISTRATE JUDGE**

**DATED:** October 15, 2026



NG-C2N3CBX6 4898-8264-6744.1